80 P.3d 1040

**Ladina M. EXTEROVICH and Anthony R. Exterovich, wife and husband, Plaintiffs,**

**and**

**Ruby Burress and Perry J.C. Burress, wife and husband, Plaintiffs–Respondents,**

**v.**

**CITY OF KELLOGG, an Idaho municipal corporation, Defendant.**

**City of Kellogg, an Idaho municipal corporation, Third–Party Plaintiff,**

**v.**

**Idaho Counties Risk Management Program, Underwriters, Third–Party Defendant–Appellant.**

**No. 27579.**

Supreme Court of Idaho, Coeur d'Alene, October 2003 Term.

Nov. 20, 2003.

Anderson, Julian & Hull, Boise, and Hall, Farley, Oberrecht & Blanton, Boise, for appellant. Phillip J. Collaer argued.

Evans, Craven & Lackie, P.S., Spokane, Washington, for respondents. Hugh O. Evans argued.

EISMANN, Justice.

This is an appeal from a partial judgment entered against the insured after the insured stipulated to liability and the district court denied the insurer's request to participate in the evidentiary hearing regarding damages. We vacate the judgment and remand this case for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On March 22, 1994, the Public Works Department of the City of Kellogg (City) tested the City's sewer system by pumping into it a product known as DS–500 Dial Smoke Agent and then looking for places where the smoke escaped from the sewer system. Although the manufacturer's material safety data sheet warned that respiratory injury could occur upon exposure to the agent, the City crew did not warn persons who could be exposed to the agent during the test.

The plaintiffs Ladina M. Exterovich and Ruby Burress were both employed at an office located in the City, and during the course of the test they both noticed smoke coming from the bathroom in their office. When they went to investigate, they were both exposed to the DS–500. They were both subsequently diagnosed with Reactive Airways Disease Syndrome.

On March 13, 1996, the Burresses filed this negligence action against the City to recover for personal injuries suffered by Ruby Burress and for loss of consortium suffered by her husband Perry Burress.[1] The City ten-

---

1. Ladina Exterovich and her husband also filed a lawsuit, which was consolidated with this case and ultimately settled. Their claims were dismissed on May 7, 2001.

dered defense of the lawsuit to its liability insurer Idaho Counties Risk Management Program (ICRMP), and by letter dated March 27, 1996, it refused to provide a defense on the ground that there was no coverage because of the pollution hazard exclusion in the policy. The City retained counsel and on April 22, 1996, it filed an answer denying liability.

On June 24, 1999, the City filed a third-party complaint against ICRMP in which it sought a declaratory judgment that the pollution hazard exclusion was invalid and there was therefore coverage and a duty to defend, damages for breach of contract, and damages for the bad faith denial of coverage. On June 30, 1999, ICRMP answered the third-party complaint denying liability.

The Burresses and the City reached a partial settlement, and on February 4, 2000, the City filed documents reflecting the terms of that partial settlement. The City admitted liability, waived its right to appear at the hearing to determine the Burresses' damages, and agreed that the district court could determine those damages in the same manner as if default had been entered against the City for failure to plead or otherwise defend. The City also assigned to the Burresses all claims and causes of action that it had against ICRMP in this action. In exchange, the Burresses agreed not to record or execute upon any judgment it obtained against the City. By order entered on June 28, 2000, the district court bifurcated the third-party claim against ICRMP from the claims brought by the Burresses against the City.

On October 23, 2000, ICRMP filed a motion for summary judgment seeking a determination that the pollution exclusion was valid and that the insurance policy did not cover the Burresses' claims against the City. On November 27, 2000, the Burresses filed a motion seeking summary judgment that there was coverage. At the conclusion of the hearing held on February 12, 2001, the district court stated that it found the pollution exclusion to be ambiguous and that as a matter of law there was therefore coverage. After the district court orally announced its decision, ICRMP requested an opportunity to participate in the court trial regarding the issue of damages. The district court stated that it would think about that request overnight.

The district court denied ICRMP's request to participate in the hearing regarding damages, and on February 20, 2001, ICRMP filed a motion asking the district court to reconsider that ruling. The motion for reconsideration was heard on March 19, 2001. The district court stated that it would take the matter under advisement, and then proceeded to hear the issue of damages. On April 20, 2001, it entered its order denying the motion for reconsideration and awarding the Burresses damages totaling $691,280.00. The district court denied ICRMP's request to participate in the proceedings because ICRMP had no right to participate as a party in the litigation between the Burresses and the City. It also stated once the Burresses seek to enforce their judgment against ICRMP pursuant to the City's assignment of its claims, ICRMP could at that point challenge the reasonableness of any damage award.

On April 20, 2001, judgment was entered against the City on behalf of the Burresses, and on June 27, 2001, that judgment was certified as final pursuant to Rule 54(b). ICRMP then appealed.

## II. ANALYSIS

■ The controlling issue on this appeal is whether the district court erred in preventing ICRMP from participating in the evidentiary hearing regarding damages. We hold that it did, and therefore vacate the judgment.

■ A liability insurer such as ICRMP has two duties: the duty to defend and the duty to indemnify. The duty to defend arises upon the filing of a complaint containing allegations that, in whole or in part and read broadly, reveal a potential for liability that would be covered by the insured's policy. *Hoyle v. Utica Mut. Ins. Co.*, 137 Idaho 367, 48 P.3d 1256 (2002). If the insurer breaches its duty to defend and the insured settles a claim covered by the policy, the insurer has a duty to indemnify its insured for the amount of that settlement so long as

a potential liability for the insured existed which resulted in a reasonable settlement in view of the size of possible recovery and the probability of the claimant's success against the insured. *City of Idaho Falls v. Home Indem. Co.*, 126 Idaho 604, 888 P.2d 383 (1995). An insurer's duty to defend and indemnify are separate duties. *Id.*

The City brought ICRMP into this lawsuit as a third-party defendant,[2] alleging as one of its claims that ICRMP had a duty to indemnify the City for the claim asserted against it by the Burresses. Rule 14(a) of the Idaho Rules of Civil Procedure provides, "The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." Although the trial court can sever the third-party claim and try it separately, in this case the City had admitted liability and ceased defending against the Burresses' claims, and the district court had ruled there was coverage, so that ICRMP was liable for any damages awarded to the Burresses up to the policy limits. Under these circumstances, it was an abuse of discretion not to permit ICRMP to participate in the trial on damages.

██ In addition, ICRMP had the right to defend the Burresses' claims against the City. Assuming that the district court correctly ruled that the ICRMP insurance policy covered the claim of the Burresses,[3] ICRMP breached its duty to defend the City. Once the district court ruled that there was coverage, however, ICRMP could assume the defense of the Burresses' action. The breach of the duty to defend does not prevent the insurer from later providing a defense, although in this case ICRMP would be bound by the City's admission of liability as long as it was potentially liable and such admission was a reasonable settlement.

## III. CONCLUSION

The judgment is vacated and this case is remanded for further proceedings. Costs on appeal are awarded to ICRMP.

Chief Justice TROUT, and Justices SCHROEDER and BURDICK concur.

Justice KIDWELL dissents without opinion.

---

2. Because the issue was not raised in this appeal, we express no opinion regarding whether the claims asserted by the City against ICRMP were properly brought as third-party claims.

3. The district court's ruling on that issue was not certified as final and so is not involved in this appeal.